UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGV GAMING, LTD., a Florida partnership,<br><br>   Plaintiff,<br><br>vs.<br><br>UPSTREAM POINT MOLATE, LLC, a California limited liability company, and HARRAH'S OPERATING COMPANY, INC., a Delaware corporation,<br><br>   Defendants. | No. 3:04-CV-03955 SC<br>No. 3:05-CV-01605 SC<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY**<br><br>Date:<br>Time:<br>Location:   Courtroom 1<br>Judge:       Hon. Samuel Conti |
| GUIDIVILLE BAND OF POMO INDIANS,<br><br>   Plaintiff,<br><br>vs.<br><br>NGV GAMING LTD., a Florida partnership,<br><br>   Defendant. | |

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY
No. 3:04-CV-03955 SC, No. 3:05-CV-01605 SC

1657897.1

IT IS HEREBY STIPULATED by and between parties to the above-entitled action, through their undersigned counsel, that the Court may enter an Order pursuant to the following terms, and this Stipulated Protective Order Re: Confidentiality shall govern the handling of documents (including computer software programs and data storage), responses to discovery taken pursuant to the Federal Rules of Civil Procedure, depositions, pleadings, motions, briefs, exhibits, expert reports, and all other documents and information exchanged by the parties, received from third parties, or filed with the Court in connection with this action ("Materials") and appeals related to this action.

1. This Stipulated Protective Order shall be applicable to and govern all Materials that any party designates in good faith as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2. A party (the "Designating Party") shall make a designation of "CONFIDENTIAL" with regard to Materials that contain or refer to confidential commercial, personnel, or customer information, including but not limited to confidential financial information, or other confidential or proprietary information. Only information or documents that a Designating Party in good faith believes contain or refer to trade secrets or confidential financial information may be designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

3. Materials designated as "CONFIDENTIAL" shall be used (other than by the Designating Party) solely in connection with this action and shall not be disclosed to anyone other than the following persons:

   a. The in-house and outside attorneys representing any party to this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys;

   b. Experts (including consultants and investigators) retained by any party or attorney to assist in this action, but only to the extent necessary to perform such work;

    c.    The parties to this action and any agent or employee of a party, including directors, officers, managing agents, and other employees assisting with the preparation of this case for trial;

    d.    Third-party witnesses during the course of, or in preparation for testifying at trial or during a properly noticed deposition.  However, unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute or agree at the deposition and/or trial to be bound by an Acknowledgment in the form of Exhibit A attached hereto.  In no event shall the refusal of such a witness to be bound by this Order prevent the introduction of the witness' testimony, provided, however, that the attorney for the party who designated the Materials as "CONFIDENTIAL" shall have the opportunity to seek further or different protection from the Court and that any such disclosure to a third-party witness shall not constitute a general waiver as to the confidentiality of the Materials so disclosed.  "CONFIDENTIAL" Materials may be disclosed to the third-party witness(es) solely during their testimony at trial or deposition and shall not be given to, or disclosed to, a third-party witness at any other time absent consent of all of the parties hereto.

    e.    Any other person who subsequently is designated, either by agreement of all parties after a request by one of them or by order of the Court upon motion by a party, after notice to all parties;

    f.    Court reporters, including both stenographers and video technicians; and

    g.    The Court.

4.    The persons described in paragraphs 3(b)-(d) shall be allowed access to the "CONFIDENTIAL" Materials only after they have read this Order and signed a copy of

the attached "ACKNOWLEDGMENT." The undersigned counsel shall maintain a list of persons to whom "CONFIDENTIAL" Materials are disclosed, and such list shall be available for inspection by the Court. The persons receiving "CONFIDENTIAL" Materials are enjoined from disclosing it to any other person, except as permitted by this Order.

5.   Any information or document designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall be used (other than by the Designating Party) solely in connection with this action and shall not be disclosed to anyone other than:

   a.   Court and court personnel considering the disputes between the parties;
   b.   Attorneys of record for the parties to this action and their legal assistants, and staff members working on this action;
   c.   Experts retained by any party or attorney to assist in this action, but only to the extent necessary to perform such work;
   d.   Employees or representatives of the Designating Party during the course of a deposition or at trial; and
   e.   Stenographic and court reporters engaged for depositions or other proceedings in this action. However, before such person is shown or receives any information or documents designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," he or she must execute an Acknowledgment in the form of Exhibit A attached hereto.

6.   Each individual who receives any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

7.   The recipient of any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials shall maintain such information in a secure and safe area.

8. Except as specifically provided for in paragraph nine (9) below, the designation of a document as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall be accomplished by marking the document, or the specific portion of the document considered confidential, with the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" or by so designating the document, identified by its bates stamp number or other identifying number or designation, in a separate writing.  If documents are produced for the purpose of allowing opposing counsel to determine which of those documents counsel desires copied, such documents shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" pursuant to this Order, whether or not marked, until copies of the documents are requested and supplied.  Thereafter, the documents copied and supplied shall be treated in accordance with the designation provided by the Designating Party.  Provided, however, that a party designating materials as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" may, at its election, present materials so designated for in camera review by the Court for the purpose of obtaining the Court's determination of whether such materials are subject to discovery or further protection in this case.

9. In the event a party seeking production of information (the "Requesting Party") disagrees in good faith with any designation of confidentiality made by a Designating Party, the Requesting Party shall notify the counsel of record for the Designating Party of its objection.  If the parties are unable to resolve their disagreement after good faith negotiations, the Requesting Party shall file with the Court and serve by facsimile on the counsel of record for the Designated Party, a Notice of Objection, which: (1) identifies by document control (or bate stamp) number the documents bearing the confidentiality designation with which the Requesting Party disagrees; and (2) gives at least 14 days notice of the time, place and date for any hearing regarding the objection. The Designating Party shall serve by facsimile and file any brief in opposition to the

1  Notice of Objection not less than seven (7) days preceding the hearing date.  The
2  Requesting Party shall serve by facsimile and file any reply not less than three days
3  preceding the hearing date.  If no brief is filed in opposition to the Requesting Party's
4  objection within the time frame described herein, the confidentiality designation shall be
5  deemed automatically lifted and the designating party shall promptly furnish to all parties
6  copies of the documents with the confidentiality designation removed from them, unless
7  the parties have agreed in writing to an alternative briefing schedule or other
8  arrangement.  If a brief is filed by the Designating Party within the time frame described
9  herein or some other arrangement is agreed upon by the parties, the Requesting Party
10 shall abide by the designation made by the Designating Party unless and until the Court
11 instructs otherwise.  The Designating Party shall bear the burden of proving that the
12 subject documents and/or information is non-public and contains confidential or
13 proprietary information.

      10.    In the case of a deposition:

      a.    Counsel representing the witness may, at the commencement of any such deposition, temporarily designate the entire deposition transcript as "CONFIDENTIAL," provided that when such initial designation has been made, the Designating Party will, within 60 days after receipt of the transcript, review the transcript and withdraw said designation as to those pages of the transcript which the Designating Party does not in good faith believe constitute, reflect, or disclose confidential information. Alternatively, any attending counsel may designate only specific portions of a deposition transcript as "CONFIDENTIAL" in accordance with the provisions of sub-paragraph (b) of this Paragraph.

      b.    Counsel for any party or the deponent may designate that information disclosed during a deposition is to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by indicating on

1   the record of the deposition and requesting the preparation of a separate
2   transcript of such material.
3       c.  If information or documents designated "CONFIDENTIAL" or
4       "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" are disclosed or
5       discussed during a deposition, the Designating Party shall have the right to
6       exclude from attendance any person who is not entitled to receive such
7       information or documents pursuant to this Order.  If the Requesting Party
8       disagrees in good faith with the request to exclude, the Requesting Party
9       may either (a) suspend the deposition and request an immediate telephone
10      hearing with the Court to resolve the dispute, which may be heard without
11      need for prior notice, briefing by the parties and on oral argument only; or
12      (b) object to the request to exclude, but continue with the deposition as to
13      non-confidential information and/or documents and reserve his or her right
14      to complete the deposition at a later date after the propriety of the request to
15      exclude can be determined by the Court.  In the event that the Requesting
16      Party chooses the latter option, the Requesting Party shall notify the
17      Designating Party at or prior to the termination of the deposition of his or
18      her intention to seek a judicial determination on the proprietary of the
19      request, in which case the procedural requirements regarding prior notice,
20      briefing and scheduling set forth in Paragraph six (6) shall apply.
21  11. In the event of disclosure of information or materials designated
22  "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" to a
23  person not authorized to receive such material under the terms of this Order, the party
24  responsible for or having knowledge of the unauthorized disclosure shall immediately
25  inform opposing counsel and, to the extent possible without violating attorney-client,
26  attorney work-product or other privileges, disclose all known relevant information
27  concerning the nature and circumstances of the disclosure.  The responsible party shall

also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone, and each party will cooperate in good faith in that effort.

  12. Whenever any document designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" is filed with the Court, such Materials or any portion thereof shall be filed in a separate, sealed envelope marked "SEALED." A reference to this Stipulated Protective Order regarding Confidentiality should also be made on the envelope.

  13. In the event that any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials are used in any pre-trial proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect their confidentiality during such use. Disclosure and use of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials at trial and in subsequent proceedings shall be governed by the terms of an order to be entered by the Court.

  14. Nothing in this Order shall preclude the parties or their attorneys from disclosing or using in the ordinary course of business any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY".

  15. Within sixty (60) days after the final resolution of all related disputes between the parties, all "CONFIDENTIAL" Materials and "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. Counsel and the parties shall certify in writing that they have complied with this section.

  16. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

17. This Stipulated Protective Order is without prejudice to the right of any party or third party to seek relief from the Court, upon good cause shown, from any of the provisions hereof.

18. Nothing herein shall prevent disclosure beyond the terms of this Stipulation if the party designating the Materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" consents to such disclosure in writing, or if the Court, after notice to all affected parties, orders such disclosure. Nothing herein shall prevent disclosure as required by law, or any judicial, governmental, or administrative body under any law, regulations, or order, provided, however, that the party being required to disclose "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials shall give five (5) business days prior written notice of such disclosure by facsimile and by overnight mail to the party which provided such Materials, addressed to the attorneys of record for such party, unless the judicial, governmental, or administrative body's law, regulation, or order requires disclosure sooner, in which case the disclosing party shall give such notice by telephone and copy as soon as practical, but in any event before any disclosure is made.

19. The inadvertent or unintentional production of Materials, or other disclosure of confidential, proprietary, or secret information without being designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" at the time of the production or disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon as reasonably possible after the designating party becomes aware of the error.

20. In the event of disclosure of information or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" to a person not authorized to receive such material under the terms of this Order, the party

responsible for or having knowledge of the unauthorized disclosure shall immediately inform opposing counsel and, to the extent possible without violating attorney-client, attorney work-product or other privileges, disclose all known relevant information concerning the nature and circumstances of the disclosure.  The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone, and each party will cooperate in that effort.

21. In the event that any person permitted by this Order to receive or review confidential information or documents ceases to be engaged in the preparation for trial, or trial of, this case, access by such person to documents and information designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall be terminated.  However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to information and/or documents designated to be confidential hereunder, except as may be specifically ordered by the Court.

22. No information may be withheld from discovery on the ground that the Materials to be disclosed require protection greater than that afforded by this Stipulated Protective Order Re: Confidentiality unless the party claiming the need for greater protection moves for and obtains from the Court an order providing such special protection.

23. Except as otherwise expressly provided, this Protective Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief from a provision of this Order or any other relief from the Court which may be appropriate under the Federal Rules of Civil Procedure.

24. Nothing in this Stipulation shall bar or otherwise prevent any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, from relying upon his/her examination or knowledge of

1  "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"
2  Materials, provided, however, that in rendering such advice and in otherwise
3  communicating with his/her client, such attorney shall not disclose the contents or source
4  of any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"
5  information produced by another party herein to any person who is not authorized to
6  receive such information under the provisions of this Stipulation.
7       The parties consent to the entry of an Order by the Honorable Samuel Conti
8  consistent with this Stipulation.

RIDER BENNETT, LLP

By \s\ Daniel Q. Poretti_____
   Stanley E. Siegel, Jr. (MN Bar # 199552)
   Daniel Q. Poretti (MN Bar # 185152)
   John J. Wackman (MN Bar # 251884)
33 South Sixth Street, Suite 4900
Minneapolis, MN 55402
(612) 340-8900
Admitted Pro Hac Vice

Dated: August 12, 2005

and

Schuering Zimmerman Scully & Doyle, LLP
Steven M. McKinley, Esq. (CA Bar # 195526)
Robert H. Zimmerman, Esq.
400 University Avenue
Sacramento, California 95825

Attorneys for Defendants Upstream Point Molate, LLC and Harrah's Operating Company, Inc.

|   |   |
|---|---|
| | LAW OFFICES OF CALVACCA MORAN |
| | By \s\ Stephen J. Calvacca |
| | Stephen J. Calvacca |
| | 66 Frazer Road, P.O. Box 1334 |
| | West Falmouth, MA 02574 |
| Dated: August 16, 2005 | (508) 540-9911 |
| | Admitted Pro Hac Vice |
| | and |
| | Porter, Scott, Weiberg & Delehant |
| | Craig A. Caldwell (088551) |
| | P.O. Box 2455428 |
| | Sacramento, CA 95825 |
| | (916) 929-1481 |
| | Attorneys for Plaintiff NGV Gaming, Ltd. |

| | |
|---|---|
| 1 | LEWIS AND ROCA LLP |
| | |
| | By \s\ Amy M. Wilkins |
| | Frederick R. Petti |
| | (admitted *pro hac vice*) |
| | Amy Wilkins (CA SBN 215084) |
| | LEWIS AND ROCA LLP |
| | 40 North Central Avenue |
| | Phoenix, Arizona  85004-4429 |
| | Telephone (602) 262-0222 |
| | |
| | and |
| | |
| | STEVENS AND O'CONNELL |
| | George L. O'Connell (CA SBN 74037) |
| Dated:  August 26, 2005 | Craig C. Allison (CA SBN 159437) |
| | 400 Capitol Mall, Suite 1400 |
| | Sacramento, CA  95814 |
| | (916) 329-9111 |
| | |
| | Attorneys for Guidiville Band of Pomo Indians |

**ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by this Court.

DATED:       August 26       , 2005          BY THE COURT



The Honorable Samuel Conti
United States District Judge

14
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY
No. 3:04-CV-03955 SC, No. 3:05-CV-01605 SC

1657897.1

**EXHIBIT A**

ACKNOWLEDGMENT

I, _____, declare:

    1.    I reside at _____.

    2.    I am employed by _____ as _____. My business address is _____.

    3.    I have read and understand the provisions of the attached Stipulated Protective Order Re: Confidentiality entered by Judge Samuel Conti, United States District Court, District of California, dated _____, 2005, with respect to the non-disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Materials, and I agree to abide by and be bound by its terms.

    4.    I hereby submit to the jurisdiction of the United States District Court, District of California, for the limited purpose of enforcing said Stipulated Protective Order and this Acknowledgment, by contempt proceedings or other appropriate judicial remedies.

    5.    I declare under penalty of perjury that the foregoing is true and correct and that this Acknowledgment was executed this ___ day of _____, 200___.