UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGV GAMING, LTD.,<br><br>Plaintiff(s),<br><br>v.<br><br>UPSTREAM POINT MOLATE, LLC,<br>a California limited liability company, and<br>HARRAH'S OPERATING COMPANY,<br>INC., a Delaware corporation,<br><br>Defendant(s).<br>_____/<br>GUIDIVILLE BAND OF POMO INDIANS,<br><br>Plaintiff(s),<br><br>v.<br><br>NGV GAMING, LTD., a Florida partnership,<br><br>Defendant.<br>_____/ | No. C-04-3955 SC (JCS)<br>Consolidated Case No. C-05-1605 SC<br><br>**ORDER RE MOTION TO**<br>**COMPEL DISCOVERY** |

TO ALL PARTIES AND COUNSEL OF RECORD:

Defendants Upstream Point Molate, LLC and Harrah's Operating Company, Inc. ("Defendants") filed a Motion to Compel Discovery (the "Motion") [Docket No. 86]. The Court required the parties to file a Joint Letter Report detailing their disagreements in the matter, which was filed on or about September 15, 2005 (the "Joint Report") [Docket No. 106]. After further efforts to meet and confer, counsel reported that all issues raised in the Motion and Joint Report were resolved, save one: documents related to the relationship between Plaintiff, NGV Gaming, Ltd., and tribes other than the Guidiville Band of Pomo Indians.

A hearing was held on the Motion on September 30, 2005, before the undersigned. Lead counsel for both sides appeared at the hearing. Good cause appearing and for the reasons stated on the record, IT IS HEREBY ORDERED as follows:

1. Except for the direction contained in Paragraph 2 of this Order, the Motion is DENIED as moot; and

2. Plaintiff is ORDERED to produce all documents that refer to any challenges or potential challenges to any contracts between Plaintiff and any Indian tribes in the state of California, other than the Guidiville Band of Pomo Indians, where the challenges or potential challenges are on the same grounds that have been raised by Defendants to the contract at issue in this case. In addition, Plaintiff shall produce the underlying contracts to which these documents refer. These documents shall be produced within two (2) weeks from the date of this Order.

IT IS SO ORDERED.

Dated:   October 5, 2005

JOSEPH C. SPERO
United States Magistrate Judge

2