UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGV GAMING, LTD., | Case No. 04-3955 SC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS |
| HARRAH'S OPERATING COMPANY, INC., a Delaware Corporation, | |
| Defendant. | |

The present matter comes before the Court on the Motion to Stay Proceedings ("Motion") filed by the defendant Harrah's Operating Company, Inc. ("Harrah's" or "Defendant"). Docket No. 165. The plaintiff NGV Gaming, LTD. ("NGV" or "Plaintiff") submitted an Opposition and Harrah's filed a Reply. Docket Nos. 168, 173. Both parties also submitted additional briefing. See, e.g., Docket Nos. 170, 175, 177. For the following reasons, the Court GRANTS Harrah's Motion. Proceedings in the present action are STAYED pending the ruling by the United States Supreme Court on Harrah's petition for certiorari.

The facts of this case have been extensively briefed by both parties and have been recited in both this Court's previous Orders

1    and the Ninth Circuit's recent opinion by a divided panel
2    reversing this Court's Order denying NGV's motion for summary
3    judgment.  See Guidiville Band of Pomo Indians v. NGV Gaming,
4    LTD., 531 F.3d 767 (9th Cir. 2008).  The parties' familiarity with
5    the facts is therefore presumed.  For present purposes, the Court
6    notes that Harrah's has filed a petition for certiorari with the
7    Supreme Court seeking review of the Ninth Circuit's decision.

8    Neither party disputes the fact that "[d]istrict courts have
9    inherent authority to stay proceedings before them." Rohan ex
10   rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003) (citing
11   Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "In deciding
12   whether to issue or grant a stay, a Court should weigh the
13   competing interests of the case, e.g., the possible hardship to
14   the parties, the orderly course of justice, and the possible
15   damage that may result from a delay." Bankston v. Bayer Corp.,
16   No. C-06-0783 SC, 2006 WL 889180, at *1 (N.D. Cal. Apr. 3, 2006).

17   After reviewing the arguments and evidence presented by both
18   parties, the Court finds that a stay will promote the orderly
19   course of justice without causing hardship to either party.  In a
20   surreply filed without leave from the Court, NGV argues that it
21   might be prejudiced because of "the likelihood of an impending
22   insolvency at the time of any final judgment awarding monetary
23   damages to NGV." Docket No. 175.  As Harrah's points out,
24   however, this claim is undercut by the very evidence presented and
25   relied upon by NGV.

26   Further supporting the stay is a recent decision by the
27   Second Circuit agreeing with the dissent and rejecting the

*United States District Court — For the Northern District of California*

majority in the Ninth Circuit's decision in <u>Guidiville</u>, thereby creating a possible circuit split.  <u>See</u> <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, --- F.3d ---, Docket No. 06-5860, 2008 WL 4630309, at *7 (2nd Cir. Oct. 21, 2008)(citing the Honorable Judge Smith's dissent in <u>Guidiville</u>).  Although far from a sure thing, this holding by the Second Circuit would tend to increase the prospect for review of <u>Guidiville</u> by the Supreme Court.

For the reasons stated herein, the Court STAYS the proceedings pending the Supreme Court's ruling on Harrah's petition for certiorari.

IT IS SO ORDERED.

Dated: November 18, 2008

_____
UNITED STATES DISTRICT JUDGE