United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGV GAMING, LTD.,<br><br>        Plaintiff(s),<br><br>  v.<br><br>UPSTREAM POINT MOLATE, LLC,<br>a California limited liability company, and<br>HARRAH'S OPERATING COMPANY,<br>INC., a Delaware corporation,<br><br>        Defendant(s).<br>_____/<br>GUIDIVILLE BAND OF POMO INDIANS,<br><br>        Plaintiff(s),<br><br>  v.<br><br>NGV GAMING, LTD., a Florida partnership,<br><br>        Defendant.<br>_____/ | No. C04-3955 SC (JCS)<br>Consolidated Case No. C-05-1605 SC<br><br>**ORDER RE JOINT MOTION TO COMPEL DISCOVERY [Docket No. 251, 267 and 269]** |

    On August 28, 2009, the parties submitted a Joint Letter Brief regarding the production of documents [docket no. 251].

    On September 25, 2009, a discovery hearing was held. Stephen J. Calvacca and Susan L. Moran, counsel for Plaintiff, appeared. Stanley Siegel, counsel for Defendants, appeared. Subsequently, Non-Party Guidiville Band of Pomo Indians filed a letter dated October 1, 2009, seeking a stay of production of the invoices of Lewis & Roca so that the tribe might file a motion to quash on the basis of its attorney client privilege and sovereign immunity. Plaintiff filed a responding letter.

    For reasons stated on the record, and good cause shown, IT IS HEREBY ORDERED that the

production of the following information and documents, as ordered at the hearing, shall go forward:

1. On or before October 7, 2009, Plaintiff shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents required by this Court's October 5, 2005 Order have been produced, and describing in detail all searches performed for responsive paper or electronic documents.

2. On or before October 7, 2009, Plaintiff shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents referring or relating to the Notice of Unsuitability have been produced, other than documents protected from disclosure by the attorney client privilege or the attorney work product doctrine, and describing in detail all searches performed for responsive paper or electronic documents. Also on that date, Plaintiff shall serve a privilege log listing all responsive documents that have been withheld.

3. On or before October 7, 2009, Plaintiff shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents referring or relating to the API report have been produced, other than documents protected from disclosure by the attorney client privilege or the attorney work product doctrine, and describing in detail all searches performed for responsive paper or electronic documents. Also on that date, Plaintiff shall serve a privilege log listing all responsive documents that have been withheld. The Court sustains the work product objection to the API report.

4. On or before October 7, 2009, Plaintiff shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents referring or relating to the Spinelli Report have been produced, other than documents protected from disclosure by the attorney client privilege or the attorney work product doctrine, and describing in detail all searches performed for responsive paper or electronic documents. Also on that date, Plaintiff shall serve a privilege log listing all responsive documents that have been withheld. The Spinelli Report and all attachments shall be produced.

5. On or before October 7, 2009, Defendants shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents referring or relating to any lobbying efforts by or on behalf of Harrah's before the Department of the Interior or any other federal agency or official, regarding NGV's contracts with the tribe, have been produced, other than invoices from Lewis & Roca and any documents protected from disclosure by the attorney client privilege or the attorney work product doctrine, and describing in detail all searches performed for responsive paper or electronic documents. Also on that date, Defendants shall serve a privilege log listing all responsive documents that have been withheld.

6. On or before October 7, 2009, Defendants shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents referring or relating to any efforts by Harrah's to assist, facilitate or fund any efforts by the tribe to disavow or rescind its existing contracts, including collecting any negative background information, have been produced, other than documents protected from disclosure by the attorney client privilege or the attorney work product doctrine, and describing in detail all searches performed for responsive paper or electronic documents. Also on that date, Defendants shall serve a privilege log listing all responsive documents that have been withheld.

7. On or before October 7, 2009, Defendants shall produce the Joint Defense agreement between Defendants and the tribe, and the loan agreement pursuant to which the invoices of Lewis & Roca have been paid (also known as the Litigation Loan Agreement).

8. At the hearing, the Court also ordered production of the invoices of Lewis & Roca in the possession of Defendants related or referring to the Spinelli report, with the exception that entries which contain privileged communications between attorney and client or attorney work product may be redacted and a privilege log of those redactions produced. In light of the tribe's desire to brief the sovereign immunity issue, production of these invoices is stayed pending further order of the Court. The

1 tribe may file a brief on why these invoices in the possession of Defendants may be
2 withheld from production by the Defendants on the basis of the tribe's sovereign
3 immunity on or before October 9, 2009. Plaintiffs may respond on or before October
4 14, 2009. Because the Court, if it requires production, will require a privilege log, the
5 privilege and work product issues will not be addressed at this time.

6     9. On or before October 7, 2009, Defendants shall serve and file a declaration under
7 oath, based on personal knowledge, attesting to the fact that all documents referring
8 or relating to the selection of Lewis & Roca (other than the invoices discussed above)
9 have been produced, other than documents protected from disclosure by the attorney
10 client privilege or the attorney work product doctrine, and describing in detail all
11 searches performed for responsive paper or electronic documents. Also on that date,
12 Defendants shall serve a privilege log listing all responsive documents that have been
13 withheld.

14     10. On or before October 7, 2009, Defendants shall serve and file a declaration under
15 oath, based on personal knowledge, identifying all senior management members who
16 had any knowledge of the contract between NGV and the tribe through August 1,
17 2004, and attesting to the fact that all documents referring or relating such knowledge
18 have been produced, other than documents protected from disclosure by the attorney
19 client privilege or the attorney work product doctrine, and describing in detail all
20 searches performed for responsive paper or electronic documents. Also on that date,
21 Defendants shall serve a privilege log listing all responsive documents that have been
22 withheld.

23     11. On or before October 7, 2009, Defendants shall serve and file a declaration under
24 oath, based on personal knowledge, attesting to the fact that all documents referring
25 or relating to the Notice of Unsuitability have been produced, other than documents
26 protected from disclosure by the attorney client privilege or the attorney work product
27 doctrine, and describing in detail all searches performed for responsive paper or
28 electronic documents. Also on that date, Defendants shall serve a privilege log listing

all responsive documents that have been withheld.

12. On or before October 7, 2009, Defendants shall produce all document referring or relating to the settlement agreement between the tribe and Defendants (including the settlement agreement), other than documents protected by the attorney client privilege or the attorney work product doctrine.  These document shall be produced as attorneys eyes only documents.  At the same time, Defendants shall serve and file a declaration under oath, based on personal knowledge, attesting to the fact that all documents referring or relating to the settlement agreement between the Defendants and the tribe have been produced, other than documents protected from disclosure by the attorney client privilege or the attorney work product doctrine, and describing in detail all searches performed for responsive paper or electronic documents.  Also on that date, Defendants shall serve a privilege log listing all responsive documents that have been withheld.

13. Except as set forth herein, the motions are denied.

IT IS SO ORDERED.

Dated:   October 6, 2009

JOSEPH C. SPERO
United States Magistrate Judge

5